UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ESTEBAN MARTINEZ PEREZ,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                          Respondents. | Case No.:  3:26-cv-0522-CAB-BJW<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Petitioner Aaron Esteban Martinez Perez, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 8 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  For the reasons discussed below, the Court **DISMISSES** the Petition without prejudice.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254.  *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)"); Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254).  Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the petition must be dismissed.  Habeas Rule

1

4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005).  A petition must state: (1) all grounds for relief, (2) facts that sufficiently support each asserted ground; (3) an explanation of how these facts give rise to a real possibility that the government engaged in unlawful conduct and/or caused some constitutional harm.  Habeas Rules 2(c), 4, and 5(b); *Mayle*, 545 U.S. at 655; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

While a pro se Petitioner is not held to the standards of pleading and practice imposed upon members of the bar—he must state with some specificity the facts upon which he contends his incarceration is unlawful.  *Hardison v. Dunbar*, 256 F. Supp. 412, 414–15 (N.D. Cal. 1966).  A petitioner that fails to do so is not barred from seeking relief in the future, he can file an amended petition within the time set by the court.

Here, the totality of Petitioner's allegations are his identifying details, his date of detention (October 22, 2025), and that "ICE has not demonstrated valid legal grounds to continue detention." [Petition at 1–2.]  Petitioner asks the Court to order his release.  [*Id.* at 2.]  The Court cannot determine whether there is a real possibility that Respondents engaged in unlawful conduct or caused constitutional harm from these minimal facts.

Additionally, the Petition is deficient because it fails to name the warden of the facility where Petitioner is detained as a respondent.  Habeas petitioners "challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).

For the foregoing reasons, the Petition is **DISMISSED** without prejudice.  Petitioner may submit an amended Petition by **March 9, 2026**.  If the Court does not receive an amended Petition by this date, the Clerk of Court shall close the case.

///

///

///

///

///

2

3:26-cv-0522-CAB-BJW

Finally, Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter. The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063)

It is **SO ORDERED**.

Dated:  February 4, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3

3:26-cv-0522-CAB-BJW